UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW S. TOLER, | ) | CASE NO. 1:19 CV 1538 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICHLAND CORRECTIONAL | ) | AND ORDER |
| INSTITUTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* plaintiff Matthew S. Toler, a prisoner incarcerated in the Richland Correctional Institution (RCI), has filed an *in forma pauperis* civil rights complaint in this matter against RCI and its "Mental Health Staff." (Doc. No. 1.) In his complaint, he complains of treatment he has received for his mental health and other general jail conditions. The plaintiff alleges he was diagnosed with anxiety disorder and depression before he came to prison, and although he acknowledges he seen by "Mental Health" at RCI, he complains he was not given medicine as he desired. Instead, he was seen by a psychologist who he contends failed to adequately treat his issues. (*Id*. at 3-4.) Additionally, he complains there are "problems with the water . . . being brown for long periods of time," "black mold in the showers," and "birds in the chow hall" which leave "feces on the tables and pipes above our heads." (*Id*. at 4.)

The plaintiff does not allege any specific legal claim or claims, but seeks two million dollars

in damages for his "mental & physical pain" and an order that the institution be made safe for all. (*Id*. at 5.)

**Standard of Review**

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act requires a district court to dismiss before service any prisoner action seeking redress from "a governmental entity or officer or employee of a governmental entity" that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed pursuant to § 1915A.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a plaintiff must show that a prison official acted with deliberate

indifference to his health or safety. This requires a plaintiff to show a culpable state of mind on the part of prison officials. *See Wilson v. Seiter*, U.S. 294, 294 (1991). A prisoner must show that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has named only RCI, and RCI's "Mental Health Staff," as defendants in his complaint. He makes no allegations whatsoever about the knowledge or intent of any jail official concerning the conditions to which he is subjected, or his mental health or treatment. Accordingly, the plaintiff has failed to allege any plausible deliberate indifference claim under the Eighth Amendment. Neither RCI, nor RCI's "Mental Health Staff," is an capable of being sued for constitutional rights violations under 42 U.S.C. § 1983. *See, e.g, Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (a county jail "is not an entity subject to suit under § 1983"); *Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (state prison "medical departments are not 'persons' under § 1983 . . .").

Additionally, § 1983 does not permit an imposition of liability solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A local governmental entity or subdivision, such as Richland County, may be held liable under § 1983 only where its own policy or custom causes a constitutional rights violation. *See id*. at 694. The plaintiff has not alleged any facts plausibly suggesting that an unconstitutional policy of Richland County itself caused a violation of his constitutional rights.

**Conclusion**

Accordingly, the plaintiff's complaint fails to state any plausible claim upon which he may be granted relief and is dismissed under 28 U.S.C. § 1915A. In light of this dismissal, the plaintiff's remaining motions to proceed *in forma pauperis* (Doc. No. 2) and for *pro bono* counsel (Doc. No. 3) are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 7, 2019        /s/ John R. Adams
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE